SILVER SEIKO, LTD., PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANT

Court No. 91–04–00281

(Decided December 2, 1992)

*Willkie Farr & Gallagher* (*Christopher A. Dunn, Barbara K. Summers* and *Daniel L. Porter*) for the plaintiff.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Michael S. Kane*); and Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (*Mary Patricia Michel*) for the defendant.

*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Todd C. Fineberg*) for the intervenor-defendant.

AQUILINO, *Judge:* This action, which was commenced in April 1991, challenges *Portable Electric Typewriters From Japan; Final Results of Antidumping Duty Administrative Review,* 56 Fed. Reg. 14,072 (April 5, 1991).

After joinder of issue, the filing of the record compiled in that administrative proceeding, and the passage of sufficient time for the parties to familiarize themselves with the entire contents thereof, the court called upon counsel in March 1992 to propose a mutually-acceptable scheduling order for disposition of the action. Counsel for the plaintiff responded that they were in receipt of a letter from the attorney for

> Brother Industries Ltd. requesting an extension of the scheduling order in Cases 91–05–00358 and 91–05–00344 until thirty days after the court's decision in CIT No. 88–11–00860. Although Silver's case has not been consolidated with Cases 91–05–00344 or 91–05–00358, it arises out of the same determination by the United States Department of Commerce and concerns the same defendant-intervenor as well as many similar issues as are in those cases. Therefore we ask that the Court grant an extension of time for filing a briefing schedule in our case, 91–04–00281, to correspond to whatever delay it grants in Cases 91–05–00344 and 91–05–00358.
>
> We believe that placing the three cases on the same schedule serves judicial economy by avoiding unnecessary duplication of effort and piecemeal litigation. We have contacted the attorney for

1030

defendant-intervenor, * * * who strongly concurs in this request. Counsel for Defendant * * * also concurs in this request.

Accordingly, we ask that the Court defer the time for filing a briefing schedule in Court No. 91–04–00281 until the date it sets for filing a briefing schedule in Court Nos. 91–05–00344 and 91–05–00358.

This proposed approach was acceptable to the court at the time. Since then, the matter referred to, namely, *Brother Industries, Ltd. v. United States,* CIT No. 88–11–00860, has been finally resolved pursuant to Slip Op. 92–121, 16 CIT 650 (July 28, 1992), and Slip Op. 92–176, 16 CIT 892 (Oct. 14, 1992).

On October 16, 1992, the court directed the parties in the above action (and in the referenced actions numbered 91–05–00344 and 91–05–00358) to propose scheduling orders on or before November 2, 1992. The parties in those other actions have complied. In doing so, they indicated that counsel for the plaintiff herein would contact the court directly.

The plaintiff, however, has not presented to date anything tending to indicate a desire now to proceed, whereupon the court is constrained to conclude that this action must be dismissed for lack of prosecution. Judgment of dismissal will enter accordingly.